UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERISE BEERS

    Plaintiffs,

vs.                              CASE NO.:

DOVENMUEHLE MORTGAGE, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, CHERISE BEERS (hereinafter "Plaintiff"), by and through their undersigned counsel, and bring this action against the Defendant, DOVENMUEHLE MORTGAGE, INC., (hereinafter "DOVENMUEHLE"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by consumers for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under

Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA and 1024.36 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because the property (the "subject property") is located in Pasco County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, DOVENMUEHLE was and is a Foreign Profit Corporation with its principal place of business at 1 CORPORATE DR. SUITE 360, LAKE ZURICH, IL 60047. Defendant is duly licensed to transact

business in the State of Florida and lists its registered against as CT CORPORATION SYSTEM, 1200 South Pine Island Road, Plantation, FL 33324.

9. At all times material hereto, DOVENMUEHLE is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiffs' residential property, located at 7919 Blanche Drive, Panama City, FL 32404 (the "Subject Property").

10. At all times material hereto, Plaintiffs owned and continues to own the Subject Property, which is located in Pasco County, Florida.

11. At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

12. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

13. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number XXXXXX2282.

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about January 22, 2019, Plaintiff's mother Teresa Beers entered into a promissory note agreement with LOANDEPOT.COM (the "Note") for what

they intended to be their primary residence. The Note was secured by a mortgage on the Subject Property (the "Mortgage"). (The "Note" and the "Mortgage" are collectively referred to as the "Loan").

15. On or about August 3, 2022, the loan was service released to its current servicer DOVENMUEHLE.

16. On or about June 11, 2021, the last original homeowner, Teresa Beers, passed away.

17. Due to the untimely passing of Teresa Deers, her daughter, Cherise Beers applied to become successor-in-interest to the subject property as that term is defined in 12 C.F.R. § 1024.31.

18. Shortly thereafter, Plaintiff notified Defendant of her mother's passing. She also inquired about making payments on the subject loan. A representative of Defendant's told Plaintiff stop making mortgage payments until any probate proceeding were completed.

19. Plaintiff spoke with Defendant after her mother's passing and was told by a representative names Breanna that she should not make any payments until the successor in interest issue was resolved.

20. This misinformation then caused DOVENMUEHLE to asses numerous fees and charges to the account that Plaintiff believed may have been unnecessary and unreasonable.

21. Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") as counsel to represent her in her efforts to get answers as to what has happened that has caused DOVENMUEHLE to assert that Plaintiff is delinquent on her loan obligations and caused DOVENMUEHLE to start assessing fees and charges to the mortgage loan account.

### I. The Request for Information and Notice of Error

22. In furtherance of the efforts to assist Plaintiff, Plaintiff counsel sent a Qualified Written Request in the form of a Request for Information (RFI) and Notice of Error (NOE) to DOVENMUEHLE on or about February 6, 2023. **(see Exhibit "A")**

23. Plaintiff will not detail every request in the RFI the body of this complaint, but incorporates Exhibit A into the complaint and will provide a few highlights herein.

24. The Qualified Written request was received by DOVENMUEHLE on or about February 13, 2023.

25. As the date this lawsuit document DOVENMUEHLE has not responded to even one inquiry, has not produced one document in response, nor has it taken any steps to address or correct the error that was alleged.

26. The Request for Information and Notice of Error was very pointed and specific and requested specific information that Plaintiff and her counsel needs to

see exactly was has gone awry. Requests such as these are the very reason that the Request for Information regulations found at 12 C.F.R. §1024.36 and 12 C.F.R. §1024.35 were enacted.

27. DOVENMUEHLE was specifically asked, "Provide a description and explanation of what the representative told Cherise Beers on August 5, 2021."

28. After receiving no response from Defendant regarding the status of Plaintiff's loan, on March 28, 2023, Plaintiff's counsel sent Defendant a 10-day No Response Notice (the "Notice") to Plaintiff's previously sent RFI. The Notice was received by Defendant on April 3, 2023. *See* Notice attached hereto as **Exhibit "B".**

29. The RFI also requested DOVENMUEHLE to provide all correspondence to and from the borrower and to and from Cherise Beers from 2020 to present. This information is necessary to determine exactly what was the status of the loan.

30. The RFI also requested a list of all fees and charges assessed to our clients' mortgage loan from 2020 to the present. It also requested a list of each charge and fee assessed to our clients' mortgage loan from 2020 to the present, please provide the invoice that supports each charge as more specifically set forth in Exhibit A. This information would allow Plaintiff and her counsel to see if DOVENMUEHLE has committed any servicing violations (as it appears that they

have). But without this requested information, Plaintiff and her counsel do not enough information to assess what may have gone wrong with the loan servicing.

31. The above are several highlights of the issues that Plaintiff and her counsel need answers to. To date, DOVENMUEHLE has not provided any of the requested information, which may be leading to the misapplication of payments that has caused a further fictitious default on this loan.

32. It appears that DOVENMUEHLE has not properly managed the servicing of this loan on many fronts.

33. Successors in Interest, such as Plaintiff, have a right to receive information and explanations as set forth in Regulation X.

34. Plaintiff is suffering greatly from emotional distress without having this information in that she believes Defendant has been charging unlawful fees and charges solely due to the error that was alleged and inquired about in Exhibit A.

35. Plaintiff is left without important information as to what has taken place with the loan despite attempting to make regular monthly payments.

36. Every day that goes by that DOVENMUEHLE continues to ignore the qualified written request is in another day of suffering from the uncertainty of what is going on with this loan.

37. Further, Plaintiff's counsel is unable to provide any meaningful answers to Plaintiff nor provide any assistance to help her resolve these issues without the requested documents and explanations.

## II. Requirements After DOVENMUEHLE Received Plaintiff's Qualified Written Request

38. The Defendant was obligated to acknowledge receipt of Plaintiffs' Qualified Written Request in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.35(d). DOVENMUEHLE never provided the acknowledgement letter.

39. The Defendant was further required to provide a written response to Plaintiffs' additional information requests within thirty (30) business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

40. Further, Defendant was required to response to the Notice of Error within 30 business days and to correct the error or provide an explanation of why Defendant feels no error was committed. See 12 C.F.R. § 1024.35(e).

41. DOVENMUEHLE was required to provide its' written response to the Request for Information by February 16, 2023.

42. Due solely to Defendant's failure to respond to the qualified written request, Plaintiff was forced to send a reminder letter and notice and opportunity to cure which is attached hereto as Exhibit B.

43. Exhibit B provided the Defendant with an additional opportunity to comply with the law thus granting an extension without a request, however DOVENMUEHLE has still failed to comply.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

44. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 43 against the Defendant.

45. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>   A servicer of a federally related mortgage shall not--
>
>   ****
>
>   **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
>   ****
>
>   **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)

46. Sections 1024.36 (Request for Information) and 1024.35 (Notice of Error) of Regulation X were promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

47. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

48. DOVENMUEHLE's failure to respond to the Request for Information and Notice of Error is a violation of federal Regulation X.

49. Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(d) and 12 C.F.R. § 1024.35(e) by not providing any written response to a request for information and notice of error within the required timeframe.

50. As such, the Defendant has committed multiple violations of 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

51. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

52. The Plaintiff has been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. The threshold of the Defendant's violations stem from the failure to provide the information requested in the Request for Information. These injuries are also in the form of postage costs for sending Exhibit B and emotional distress damages as more particularly described herein.

53. In addition, Plaintiff seeks nominal damages for violation of her rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

54. Therefore, Plaintiff's injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiffs' procedural rights under RESPA by not providing the information responsive to the Plaintiffs' requests for that information and for failing to respond to the notice of error and for all of the other violations set forth herein.

55. Plaintiff is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12

U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's reminder letter and notice and opportunity to cure (Exhibit B) and (2) emotional distress due to Defendant's failure to adequately respond to inquiries as required by RESPA. See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).  Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing her property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiff's concerns relating to her loan. See Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

56. Further, by failing to correct this error, Defendant has asserted a number of unlawful default related fees, such as late fees and property inspections (although not limited to these) for a situation that they themselves caused.

57. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, CHERISE BEERS, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiff's request for information with detail and specificity;

(b) That the Defendant be required to address and correct the errors alleged in Plaintiff's notice of error;

(c) For actual damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CHERISE BEERS, hereby demand a trial by jury of all issues so triable.

Date: May 12, 2023

Respectfully Submitted,

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
*Attorney for Plaintiff*